UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**CEDRIC D. SPEARS**                             **CIVIL ACTION NO. 3:16-CV-01242**

**VS.**                                          **SECTION P**

                                                 **JUDGE ROBERT G. JAMES**

**BUNKIE DETENTION CENTER, ET AL.**              **MAGISTRATE JUDGE HAYES**

**REPORT & RECOMMENDATION**

Pro se plaintiff Cedric D. Spears, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. § 1983 on August 22, 2016. When he filed his complaint, plaintiff was confined at the Tensas Detention Center (TDC). He is currently confined at the River Correctional Center (RCC). His claims arise out of his time confined at the Bunkie Detention Center (BDC) and the Marksville Detention Center (MDC). Plaintiff originally named as defendants the BDC, the MDC, the TDC and the Louisiana Department of Corrections. Following this Court's November 29, 2016 Order, he dismissed those entities and substituted as defendants TDC Warden Terry Bordelon and MDC Warden PJ Bordelon. [Rec. Doc. 13, p.2] He alleges that the defendants failed to provide medical care for an injury to his eye received during a fight, as well as that his due process rights were violated in connection with the disciplinary hearing following said fight. He seeks compensatory damages and injunctive relief. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

*Statement of the Case*

On May 22, 2016, while confined at the BDC, plaintiff was involved in a fight whereby a fellow inmate hit him above the right eye with two locks. [Rec. Doc. 1, p. 7] Following the incident, a disciplinary hearing was held.  Plaintiff alleges that he was denied due process at his disciplinary hearing because he was found guiltily for aggravated fighting and sentenced to extended lock down by Warden Terry Bordelon at BDC when the disciplinary report establishes that his actions were only in self defense. [Rec. Doc. 13, p. 3] He filed an administrative appeal to the sheriff, noting that the write-up statements did not support the charge, also stating that the other inmate had no charges brought against him.  Accordingly, plaintiff seeks declaratory judgment stating that Warden Bordelon's failure to bring charges against the other inmate "constitutes an accessory after the fact to aggravated assault and battery" and that his actions in "conducting the plaintiff's disciplinary hearing and sustaining it violated the plaintiff's right under the due process clause of the 14th amend." *Id.* at 4.  He also seeks compensatory damages.

### *Law and Analysis*

### *A. Screening*

A prisoner's civil rights complaint is subject to dismissal if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2). The screening provision of 28 U.S.C. § 1915A "applies regardless of whether the plaintiff has paid a filing fee or is proceeding in forma pauperis." *Ruiz v. United States*, 160 F.3d 273, 274–75 (5th Cir.1998).  A complaint is frivolous if it lacks an arguable basis in law or fact. *Taylor v. Johnson,* 257 F.3d 470, 472 (5th Cir.2001).

*B. Denial of Due Process*

In order to state a valid civil rights claim under either § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States; and he must show that the alleged deprivation was committed by a person acting under color of state. *See West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988). Plaintiff claims that defendant Terry Bordelon violated his Fourteenth Amendment due process rights with regard to the prosecution of the disciplinary charges. As such, plaintiff has failed to state a claim for which relief may be granted.

In *Sandin v. Connor*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), the United States Supreme Court clarified when due process protections attach to the prison disciplinary process. The Court held that the Due Process Clause does not afford an inmate a protected liberty interest that would entitle the inmate to procedural protections in the disciplinary process when the maximum sanction the inmate could receive does not "present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest" and the duration of the prisoner's original sentence is not affected. *Sandin*, 515 U.S. at 486. The Court noted that the protections of Fourteenth Amendment due process defined in *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), i.e. notice, hearing, impartial hearing officer, etc., do not apply to disciplinary sentences that do not present "a dramatic departure from the conditions of the [prisoner's] sentence." The Court held that a prisoner's liberty interest is "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process clause of its own force, nonetheless imposes atypical

and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484.

Thus, under the guidance provided by *Sandin*, the Fifth Circuit has held that as a general rule, only sanctions which result in loss of good time credit or which otherwise directly and adversely affect the prisoner's release date will implicate a constitutionally protected liberty interest. *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir.1995).

Moreover, in commenting on *Sandin*, the Fifth Circuit noted that liberty interests which are protected by the Due Process Clause are generally limited to actions which affect the *quantity* of time rather than the *quality* of time served by a prisoner. *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir.1997)(citing *Sandin*, 515 U.S. at 478). As noted by the Fifth Circuit, "the Due Process Clause does not protect every change in the conditions of confinement which has a substantial adverse effect upon a prisoner." *Madison*, 104 F.3d 767 (citing *Sandin*, 515 U.S. at 478)(citing *Meachum v. Fano*, 427 U.S. 215, 224, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976)). Accordingly, the Fifth Circuit held that 30 day commissary and cell restrictions imposed as punishment are, in fact, merely changes in the conditions of confinement which do not implicate due process concerns. *Madison*, 104 F.3d at 768.

Relying on *Sandin*, the Fifth Circuit has also found that "administrative segregation, without more, simply does not constitute a deprivation of a constitutionally cognizable liberty interest." *Pichardo v. Kinker,* 73 F.3d 612, 613 (5th Cir.1996) (*quoting Luken v. Scott,* 71 F.3d 192, 193 (5th 1995)) (rejecting claim that confinement in administrative segregation violated a prisoner's due process rights); *Crowder v. True*, 74 F.3d 812, 814-15 (7th Cir.1996) (federal prisoner's detention

4

for three months in administrative segregation did not constitute a significant, atypical hardship which constituted a deprivation of a liberty interest).

The Fifth Circuit has also rejected the notion that the additional restrictions imposed on those in administrative segregation violate due process rights. *Martin v. Scott,* 156 F.3d 578, 580 (5th Cir.1998) (per curiam). ("... absent extraordinary circumstances, administrative segregation as such, being an incident to the ordinary life of a prisoner, will never be a ground for constitutional claim because it simply does not constitute a deprivation of a constitutionally cognizable liberty interest." *Id.* at 580).

In the instant action, plaintiff was not deprived of any good time credits as a result of the complained of disciplinary action; rather, he was sentenced to extended lockdown. Thus, while the disciplinary action caused plaintiff to lose certain privileges, such restrictions did not impose an atypical, significant hardship on plaintiff in relation to the ordinary incidences of prison life. (*See Brooks v. White*, 2008 WL 2747097 (W.D. La. 2008). Consequently, no federally protected due process rights were violated in connection with plaintiff's disciplinary hearing and its aftermath. Plaintiff's due process claims lack an arguable basis in law, because, read liberally, his complaint "alleges the violation of a legal interest which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999). In short, since plaintiff's claim that he was denied due process lacks an arguable basis in law, it is recommended that his complaint be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2).

Therefore,

**IT IS RECOMMENDED THAT** plaintiff's due process claims be **DISMISSED WITH PREJUDICE** as frivolous pursuant to the provision of 28. U.S.C. 1915(e)(2)[1].

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

In Chambers, Monroe, Louisiana, January 19, 2017.

_____
**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] Plaintiff's claims arising out of an alleged denial of medical care are addressed in a separate Order.